## MAYRONNE LUMBER & SUPPLY CO., Inc., v. BELLINA.

### No. 14001.

Court of Appeal of Louisiana. Orleans.
May 16, 1932.

John E. Fleury, of New Orleans, for appellant.

P. L. Fourchy, of New Orleans, for appellee.

JANVIER, J.

Bellina, a building contractor, having undertaken to construct a house for his sister, purchased from plaintiff corporation certain lumber and building supplies.

The first purchases for that house were made on December 1, 1926, and the last on February 3, 1927. These purchases totaled $1,421.99. Two payments on account were made. One of $1,000 on February 5, 1927, and one of $150 on February 9, 1927, leaving on the latter date a balance of $271.99. Later, commencing August 27, 1928, and ending November 6, 1928, Bellina made other purchases totaling $28.05. These other materials were delivered to and used on a construction work different from that for which the first materials referred to were purchased and to which they were delivered.

On August 21, 1930, this suit was filed, and on August 26, 1930, service of citation was made on Bellina. It thus appears that more than three years elapsed between the last delivery made for use in the first contract and the service of citation. A plea of prescription of three years was sustained, and the entire suit dismissed.

Appellant contends that all the purchases were made on one open account, and that the prescription of three years commenced to run only from the last purchases made on November 6, 1928, and not from February 3, 1927. If this contention is sound, prescription had not accrued when the service of citation was made on defendant. But it is admitted that defendant's request for separate accounts for each of his contracts had been complied with by plaintiff, and that, when Bellina was engaged in constructing several different houses at one time, plaintiff company opened on its books a separate account for each house, and charged to each such account only such material as was delivered for use in that particular contract.

It is also conceded that the purchases made in 1928 were delivered at a price different from that to which the earlier purchases were sent, and we feel that it cannot, under such circumstances, be said that they formed part of the same open account. For the later purchases amounting to $28.05, judgment should have been rendered for plaintiff.

An effort was made by defendant to show that, when he purchased materials from plaintiff, plaintiff's officials knew that the sales

were not made for his account, but for account of the persons for whom he was doing the construction work. In his efforts to prove this he has failed, and, accordingly, judgment should be rendered against him on those items which have been fully proven and on which prescription has not accrued.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that there is now judgment in favor of plaintiff for $28.05, with legal interest from judicial demand and for all costs.

Reversed.